**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 19 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ADRIANA FLORES ROCHA; et al., <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-1269 <br><br> Agency Nos. <br> A215-652-297 <br> A215-652-298 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 10, 2023[**]

Before:     S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

Adriana Flores Rocha and her daughter, natives and citizens of Mexico,

petition pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's ("IJ") decision denying their

application for asylum and Flores Rocha's applications for withholding of removal

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review for substantial evidence the agency's factual findings. *Id*. at 1241. We deny the petition for review.

The BIA did not err in concluding that petitioners failed to establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *Macedo Templos v. Wilkinson*, 987 F.3d 877, 882–83 (9th Cir. 2021) (proposed social group of Mexican wealthy business owners who refused extortion demands lacked particularity).

We do not address petitioners' contentions as to whether the harm suffered rose to the level of persecution, whether the government was unable or unwilling to protect them, and whether their future fear was objectively reasonable because the BIA did not deny relief on these grounds. *See Santiago-Rodriguez v. Holder*,

657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

In light of this disposition, we need not reach petitioners' remaining contention regarding nexus. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach). Thus, petitioners' asylum claim and Flores Rocha's withholding of removal claim fail.

Substantial evidence supports the agency's denial of CAT protection because Flores Rocha failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Petitioners' contention that the IJ failed to advise the minor petitioner of her potential eligibility for Special Immigrant Juvenile Status is not properly before the court because they failed to raise it before the BIA. *See* 8 U.S.C. § 1252(d)(1) (exhaustion of administrative remedies required); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 417-19 (2023) (section 1252(d)(1) is a non-jurisdictional claim-processing rule).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**